IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TOBY DIONNE PEGRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:12CV308 |
| ) | |
| LIEUTENANT WINGFIELD, et al., ) | |
| ) | |
| Defendant(s). ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Toby Dionne Pegram, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names several employees of the Guilford County Detention Center as defendants. Plaintiff is housed as an inmate in the Detention Center. He alleges that he has been subjected to cruel an unusual punishment because the showers where he is housed are dirty, they have not been cleaned by staff in weeks, and his complaints about them have either been ignored or he has been told he can clean the showers himself and then given the supplies to do so. Once, while cleaning the showers in shackles, he slipped, fell, and was knocked out briefly. He was taken for medical attention and given Motrin and Tylenol. Plaintiff also alleges that Defendants have not followed the Detention Center's grievance process in handling the matter. (Docket Entry 2, § V.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply

common sense." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), cert. denied, ___ U.S. ___, 130 S.Ct. 2064 (2010), and cert. denied, ___ U.S.
(continued...)

defenses that clearly appear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Nasim, 64 F.3d at 954.

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous and fails to state a claim on which relief may be granted.

Plaintiff's main concern is that the showers in his housing unit are dirty and that, when he has complained, the problem has been ignored or he has been given cleaning supplies and told that he can clean the showers himself. He maintains that this constitutes cruel and unusual punishment in violation of his rights under the Eighth Amendment of the United States Constitution.

As the United States Court of Appeals for the Fourth Circuit has stated, "[t]o succeed on an Eighth Amendment 'cruel and unusual punishment' claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was 'sufficiently serious' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir 1998)(citing cases).[2] Here, Plaintiff fails to allege facts sufficient to establish the first element of the claim. Problems

---

[1](...continued)
___, 130 S.Ct. 3275 (2010).

[2] It is unclear whether or not Plaintiff is a pretrial detainee or has already been convicted. Because he phrases his claim as one for cruel and unusual punishment, the Court will address the claim in those terms. Even if Plaintiff is a pretrial detainee, however, he would still need to show deprivation of a basic human necessity. See Jordan v. Doe, 38 F.3d 1559, 1564-65 (11th Cir. 1994). As will be discussed, he has not done so.

with showers can, in extreme cases, be part of a viable Eighth Amendment claim. See, e.g., Williams v. Griffin, 952 F.2d 820, 821-22 (4th Cir. 1991) (inmate alleged cell was overcrowded, cell toilet was constantly coated with urine and used by 12 inmates, four showers were available for 96 inmates, floors leading to showers were constantly flooded with sewage, inmates were deprived of blankets and coats, and that prison was infested with insects and vermin). However, lesser problems with showers will not support a cruel and unusual punishment claim. See Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) (slippery shower floors due to standing water do not state an Eighth Amendment claim); Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (an inch or two of standing, dirty water in a shower is not an excessive risk to health or safety or a denial of a life necessity); Lopez v. Robinson, 914 F.2d 486, 492 (4th Cir.1990) (inmates had not cited a single case supporting proposition that inadequate hot water for showers violated prisoners' rights). This is sometimes true even in combination with other conditions. See, e.g., McNatt v. Unit Manager Parker, No. 3:99CV1397, 2000 WL 307000 at *4 (D. Conn. Jan. 18, 2000) (unpublished) (stained, smelly mattresses; unclean cell; no bedding for six days; no cleaning supplies for six days; no toilet paper for one day; no toiletries or clothing for six days; no shower shoes; dirty showers; cold water that did not function properly; and smaller food portions were not enough to establish a violation of the Eighth Amendment).

    Plaintiff's allegations are far more comparable to the situations in Reynolds, Snipes, and Lopez than that in Williams. They are also far less compelling than those in McNatt.

Further, any improper cleaning of the showers in the present case was mitigated by Plaintiff being given the supplies to clean the shower himself if he wished. He alleges that he did once fall while cleaning the shower. While this is unfortunate, he does not appear to have been badly injured and he received medical treatment. He is not raising a claim based on that treatment. The incident does not turn dirty showers into a constitutional claim. Therefore, his allegations based on dirty showers should be dismissed.

Plaintiff also appears to complain that Defendants ignored his complaints and did not properly follow the Detention Center's grievance policies. Even if true, Defendants have not violated federal law or the United States Constitution because there is no federal right to a grievance process. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). Any claim concerning the grievance process is frivolous and does not state a claim for relief. Therefore, the entire Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $1.67. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $1.67.

**IT IS FURTHER ORDERED** that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or failing to state a claim upon which relief may be granted.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: May 21, 2012